UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:11 CR 263 RWS-2 |
| JAMES L. MILLINER, | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before me on Defendant James Milliner's Motion to Suppress Evidence Obtained from a Search and Seizure from His Home [536], Motion to Suppress Interception of Wire and Communications Evidence [537], and his Supplemental Motion to Suppress Evidence1 [570].[1]

Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Terry I Adelman. Judge Adelman held an evidentiary hearing on May 6, 2013. James Milliner and the United States Attorney filed supplemental pleadings after the evidentiary hearing. Judge Adelman filed his Memorandum and Recommendations regarding Miller's Motion to Suppress Interception of Wire and Electronic Communication on June 28, 2013. Judge Adelman filed his Memorandum and Recommendation regarding Milliner's Motion to

---

[1] Milliner's Supplemental Motion does not seek any relief beyond his two earlier filed motions to suppress. I am treating the Supplemental Motion as a reply brief in support of Milliner's Motions To Suppress.

Suppress Evidence Obtained from the Search and Seizure of His Home on July 29, 2013. Milliner filed objections to Judge Adelman's recommendation on August 15, 2013.

After conducting a *de novo* review of the evidence received, the parties' briefs, and the relevant case law I adopt and sustain the thorough reasoning and legal analysis of Judge Adelman set forth in support of his recommended rulings.

## Motion to Suppress Interception of Wire and Communications Evidence

James Milliner asks me to suppress "any evidence derived from and obtained as a result of wire and electronic communication from the November 2, 2010, November 17, 2010, December 14, 2010 and January 10, 2011 wiretap orders." Specifically he challenges the wiretaps arguing that the United States Attorney failed to establish the necessity requirement to justify an order for wire and electronic communication interception. Milliner also argues that there was no probable cause to support the wiretap orders. Milliner argues that because the application for wiretaps failed to meet these procedural requirements all evidence derived and obtained as a result of the wiretaps should be suppressed.

I have reviewed the evidence received at the evidentiary hearing, the transcript of the hearing and the briefs of the parties. I agree with Judge Adelman and adopt and sustain his thorough reasoning and legal analysis that the affidavits submitted in support of the wiretap application establish the procedural requirement of necessity and probable cause for the wiretap application.

2

## Probable Cause

James Milliner also asks me to suppress any and all evidence obtained from the search and seizure of Mr. Milliner's residence. Milliner argues that the search warrant was issued without probable cause.

I have reviewed the evidence received at the evidentiary hearing, the transcript of the hearing and the briefs of the parties. I agree with Judge Adelman that a common sense reading of the wiretap by a law enforcement agent familiar with the voices and the slang used in narcotics operations lead the agent to believe that Milliner possessed narcotics paraphernalia at his residence. Based on the totality of the circumstances there was an objectively reasonable belief to support a search warrant.

After considering the motions and the Report and Recommendations I will adopt and sustain the thorough reasoning and legal analysis of Judge Adelman set forth in support of his recommended rulings.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum and Recommendations of the United States Magistrate Judge Adelman [doc.# 573] and [doc.#583] are **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress Evidence Obtained in the Search and Seizure of His Home [doc.#536] is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress Interception of Wire and Electronic Communication Evidence [doc.#537] and [doc.#570] are **DENIED.**

**As previously ordered** this matter remains set for a **jury trial on Monday, September 23, 2013 at 9:00 a.m.** in Courtroom 16-South.

**IT IS FURTHER ORDERED** that this case is set for a Final Pretrial Conference on **Wednesday, September 18, 2013 at 2:00 p.m.** in Courtroom 16-South.

 

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2013.